HARNESS, Appellant, *vs.* GREEN'S ADMINISTRATOR, Respondent.

1. There is nothing in the constitution and laws of the United States to prevent a state from giving a preference to its own judgments over the judgments of sister states, in allowing demands against the estates of decedents.
2. Under our administration law classifying demands, (R. C. 1845, sec. 1, art. 4,) only judgments of our own state can be placed in the fourth class. Judgments of sister states have no preference over simple contract debts.

*Appeal from Daviess Circuit Court.*

The facts are sufficiently stated in the opinion of the court.

*Gardenhire,* for appellant. 1. The word "judgments" in the fourth subdivision of the first section of the fourth article of the administration law, includes the judgments of sister states, as well as our own. 2. By the constitution of the United States, the citizens of each state are entitled to all privileges and immunities of the citizens of the several states. Under this clause, can a domestic judgment be put in the fourth class and a judgment of a sister state in the fifth? (See 3 Story's Comm. on Cons. 675.)

*A. A. King*, for respondent.

SCOTT, Judge, delivered the opinion of the court.

Harness, the appellant, obtained a judgment against J. W. Green, the intestate of the defendant, in the state of Virginia. A suit was afterwards brought on that judgment in Daviess county, in this state, against the administrator of Green, and there was a recovery had. This judgment was by the Circuit Court of Daviess county placed in the fifth class of demands against the estate of Green. This judgment was

appealed from, on the ground that the judgment rendered here was founded on the judgment rendered against Green in his life-time in the state of Virginia, which, under the constitution and laws of the United States, was entitled to be. placed in the same class as domestic judgments.

1. The precise point involved in this case, so far as it is affected by the constitution and laws of the United States, was settled by the Supreme Court of the United States, in the case of *McElmoyle* v. *Cohen*, (13 Peters, 312,) in which it was held that, in the payment of the debts of a testator or intestate in one state, the judgment of another state, whatever may have been the subject matter of the suit, cannot be put upon the footing of judgments rendered in the state; and it can only rank as a simple contract debt, in the appropriation of assets of the estate of a deceased person to the payment of debts. The cases of *Ten Eyck* v. *Ten Eyck*, decided in Georgia, and *Cameron* v. *Wurtz*, (4 McCord, 278,) in which it was held that, in the administration of insolvent's estates, judgments obtained in other states take no precedence of simple contract debts, were cited with approbation. But the court says that, if the question was an original one, without the cases referred to, they would come to the same conclusion; that the law of congress, of 26th May, 1790, made the judgment a debt of record, not examinable upon its merits, but it does not give to it, in another state, the efficacy of the judgment upon property or upon persons, to be enforced by execution; that, to have the force of a judgment in another state, it must be made a judgment, and can only be executed in the latter, as its laws may permit.

2. There is nothing in the words of our statute which would extend it to judgments rendered in our sister states, more than to the judgments rendered in any foreign country. Under the words of the law, no one would pretend that a judgment rendered in Great Britain was contemplated. Now the idea that judgments rendered in our sister states were comprehended by the words of the statute, originated in the belief that, by the

21—VOL. XX.

constitution and laws of the United States, an efficacy was imparted to them which required that they should be classed with domestic judgments. But as we have seen the light in which a judgment of one state is regarded in another by the courts of the United States, in the administration of insolvent estates, there can be no foundation for the pretension set up for the judgment rendered in Virginia. When laws speak of things, unless the words show otherwise, they are presumed only to have reference to those things which are within the limits of the territory in which the laws have effect.

In the case of *Brengle* v. *McClellan*, (7 Gill & John. 534,) it was held that a judgment of the state of Pennsylvania, conclusive between the parties in that state, and having a priority over bonds, single bills, and simple contract debts in that state, as against the assets of the defendant in the hands of his executor, is considered only as a simple contract debt, in the distribution of assets in the state of Maryland.

Judge Ryland concurring, judgment affirmed.