GAINEY, Respondent, v. SEXTON'S ADMINISTRATOR, Appellant.

1. Judgments obtained in a sister state are not entitled, under our administration act, to be classed in the fourth class of claims against the estates of decedents; they are entitled to no preference over any other debts.

*Appeal from Barry Circuit Court.*

This was an application for the allowance of a demand against the estate of John Sexton, deceased. The demand was founded on a judgment rendered against said John Sexton in his lifetime, in the state of Indiana. The probate

court of Barry county allowed the demand and placed it in the fourth class of allowed claims. An appeal was taken to the circuit court by the administrator. In the circuit court the plaintiff appeared and moved the court to dismiss the appeal because it was not taken at the term at which the allowance of the demand was made. The court granted the motion.

*Edwards & Ewing*, for appellant.

I. The circuit court erred in dismissing the appeal. The defendant having appeared in the circuit court, it cured all defects. It was the duty of the court to try the case.

*Boone & Cravens*, for respondent.

I. The circuit court had no jurisdiction of the cause, and therefore very properly sustained the motion to dismiss the appeal. (R. C. 1855, p. 174, § 2.)

SCOTT, Judge, delivered the opinion of the court.

This judgment will be reversed. The probate court clearly erred in placing a judgment rendered in another state in the same class with those rendered in the courts of this state. The judgments of the sister states have no preference over any other debts. Only the judgments rendered in the courts of this state can be placed in the fourth class of demands. (Harness v. Green's Adm'r, 20 Mo. 316.)

The bill of exceptions does not show but what the appeal was taken and the affidavit filed during the term of the court. The evidence disproving this is not preserved in the bill of exceptions.

The other judges concurring, the judgment will be reversed and the cause remanded.