EMERSON-BRANTINGHAM IMPLEMENT COMPANY, RESPONDENT, v. O. P. MONTGOMERY, APPELLANT.*

Kansas City Court of Appeals. December 5, 1927.

*Corpus Juris-Cyc. References: Judgments, 34CJ, section 1596, p. 1123, n. 11; section 1608, p. 1132, n. 4; section 1633, p. 1153, n. 76; section 1634, p. 1153, n. 77.

*Chas. E. Gilbert* for respondent.

*W. M. Bowker* for appellant.

FRANK, C.—This is a suit by respondent upon a judgment rendered by the district court of Allen county, Kansas, in favor of respondent here and against this appellant.

The petition is in the usual form. The answer pleads, (1) a general denial, and (2) that the suit in which such judgment was rendered had been pending in the district court of Kansas for a number of years and had been continued generally during that time; that he had employed one Baxter McLean as his attorney to defend him in said suit; that his said attorney was absent from the State and did not know that said cause was set for hearing, or would be called for hearing at the time the judgment was rendered; that one A. R. Enfield, without the knowledge of this defendant, assumed to act as his attorney in said cause at the time said judgment was entered, and falsely and fraudulently represented to the court that he represented this defendant, and thereby deceived the court into taking up and entering said judgment in defendant's absence; that defendant had no knowledge that said cause was set for hearing at the time said judgment was entered, and had no notice whatever of the same, and that said attorney A. R. Enfield, was utterly without authority to act for him at the time; that by assuming to act, as aforesaid, he induced the court to take up and pass upon said cause in the absence of said defendant and thereby enter said judgment; that the same constituted a fraud upon the court in the procuring of said judgment.

The answer also states that defendant had a good defense to said alleged cause of action; that he was not indebted to the plaintiff in any sum whatever and that he had a valid and subsisting counterclaim of something over $1000 which he expected to assert against plaintiff.

At the trial of the case at bar, a duly authenticated copy of the Kansas judgment was introduced in evidence by plaintiff. This judgment is regular upon its face and its recitals show that the court rendering it was possessed of jurisdiction of the parties and the subject-matter of the action and had full power to hear and determine said cause. It is not claimed by appellant that the judgment is void for lack of jurisdiction of the parties or of the subject-

matter of the action or want of authority in the court pronouncing it, to hear and determine said cause.

Appellant's contention is that although the judgment sued on shows on its face that the court rendering it was possessed of jurisdiction of the parties and of the subject-matter of the action, and had power to hear and determine said cause, he nevertheless, is entitled to show that such judgment was procured by fraud.

In support of his contention, he introduced in evidence the deposition of Baxter D. McLean, an attorney whom he had employed to defend him in the suit in which said judgment was rendered.

This witness testified that he was an attorney, duly admitted to practice in the courts of the State of Kansas; that he had maintained an office for general practice of law in Iola, Allen county, Kansas since 1900; that early in 1921 business matters demanded his attention at other places for extended periods of time so that he was not in continuous personal touch with his pending court matters in Allen county, Kansas; that he associated with him in his office one A. R. Enfield, an attorney of Iola, Kansas; that said association was not a partnership, the arrangement being that each party was to practice independently and as a matter of courtesy said Enfield was to keep him advised as to matters he had in court; that said Enfield was not to try or dispose of his cases except when directed by him so to do; that the case in which the judgment in suit was rendered had been pending in the district court of Allen county, Kansas, since May, 1916; that said case stood on defendant's motion to make plaintiff's petition more definite and certain since May, 1920; that said cause was set for trial February 6, 1920, on plaintiff's original petition and defendant's verified answer and counterclaim at which time plaintiff was granted leave to file an amended petition and the case was continued; that on November 3, 1922, judgment was rendered in said cause in favor of plaintiff and against defendant for $539.30 and for costs; that said judgment recites that defendant was present by counsel McLean & Enfield and by consent of parties a jury was waived and cause tried to the court; that the journal entry of said judgment was approved by Baxter D. McLean and A. R. Enfield; that he had no knowledge or notice that said cause was set for trial; that same was not at issue and could not be set for trial until after defendant's motion to make plaintiff's amended petition more definite and certain had been disposed of and defendant given time thereafter to plead to such petition; that this situation was evidently not called to the trial court's attention as no mention of the pending and undisposed of motion was made in the journal entry of the judgment; that Mr. Enfield had no right or authority to appear for and consent to a trial of said cause, or consent to the waiver of a jury or the entry of any judgment in said cause; that he had no right or authority

to approve a journal entry reciting such facts; that as a matter of fact Mr. Enfield did not presume such authority nor take any action whatever in the trial of such case, but after attempting to have the trial thereof continued, but without avail, simply stood by while a default judgment was taken for the amount above stated; that by mutual mistake of counsel for plaintiff and Mr. Enfield the situation of the pleadings was not called to the attention of the court; that said judgment was taken and entered by inadvertence and mutual mistake of counsel as to the state of the pleadings and the fact that the case was not at issue; that the defendant had and now has what he believes to be a valid and complete defense to plaintiff's cause of action as well as a valid and substantial counterclaim against the plaintiff.

The errors alleged in the motion for new trial are (1) the court erred in holding that the answer filed in said cause was a collateral attack upon the judgment, and (2) because under the undisputed testimony, there was fraud in the procurement of said judgment. The assignments of error in this court present the same question.

The first question confronting us is whether or not the defense interposed by defendant's answer is a collateral attack on the Kansas judgment which is the basis of this action.

The rule governing this question is well stated by the Supreme Court in Howey v. Howey, 240 S. W. 450, 457, in the following language:

"In the discussion of this case we may go further than our rule permits. In collateral attack the rule is well stated in Williams v. Williams, 53 Mo. App. 619, quoted, supra. If under the law the court had jurisdiction of the subject-matter, and jurisdiction of the person as shown by the record, then the collateral attack must fail. But where there is a direct attack for fraud, by way of answer in cases where there is a suit upon the judgment from the sister State, then we may go into such fraud as entered into the very concoction of the judgment. . . . We think that our court has never gone further than to hold that these judgments from a sister State can only be questioned for (1) jurisdiction over the subject-matter, (2) failure to give legal notice to defendant, and (3) where there has been some fraud in the concoction of the judgment, as where the defendant is made to appear, when in fact there was no authorized appearance."

Defendant does not question the jurisdiction of the Kansas court either as to parties or subject-matter of the action. In fact defendant testified that he was served with summons in that case. On this record, the question of the jurisdiction of the Kansas court is not in the case. Under the doctrine announced by the Supreme Court in Howey v. Howey, supra, the defendant here would be entitled to attack the validity of the Kansas judgment by pleading and

proving fraud in the very concoction of such judgment. The correct rule as to the character of fraud defendant would be entitled to show in this case is well stated by the Supreme Court in Howey v. Howey, supra, in the following language:

"But even where the judgment of the sister State is, in a proper proceeding, challenged for fraud, or challenged by way of answer, where the judgment of the sister State is the basis of the cause of action in this State, we cannot go further than to investigate the fraud which entered into the very concoction of the judgment. False swearing on the trial is not sufficient. See the long list of Missouri cases cited in Lieber v. Lieber, 239 Mo. 31 et seq., 143 S. W. 458.''

The next question is whether or not the facts pleaded in defendant's answer and the evidence offered in support thereof are sufficient to show fraud in the procurement of the judgment.

The defense pleaded is that one A. R. Enfield, without the knowledge of defendant, assumed to act as his attorney at the time the judgment in question was rendered and falsely and fraudulently represented to the court that he represented defendant and thereby deceived the court into taking up and entering said judgment in defendant's absence. The answer further pleads that the conduct of Enfield in assuming to represent defendant without authority constituted a fraud upon the court in the procuring of the judgment.

The evidence does not support the theory of defendant as alleged in his answer. It is true that defendant's attorney, McLean testified that he represented defendant and that Enfield had no right or authority to appear for him and consent to a waiver of a jury and a trial of said cause to the court, or to approve the journal entry of a judgment reciting such facts, but he further testified that as a matter of fact, Enfield did not presume such authority nor take any action whatever in the trial of such case, but after attempting to have the trial thereof continued, but without avail, simply stood by while a default judgment was taken for the amount above stated, and that by mutual mistake of the counsel for plaintiff and Mr. Enfield, the situation of the pleadings was not called to the attention of the court.

The defense relied on is that Enfield falsely and fraudulently stated to the court that he represented defendant and that such false and fraudulent representations deceived the court into taking up said cause and entering judgment therein in defendant's absence. The evidence of defendant's witness not only fails to prove such facts, but on the contrary conclusively shows that Enfield made no representations of any kind or character to the court, did not consent to the waiver of a jury and a trial of said cause or to the

entry of a judgment therein. In fact this witness testified that Enfield did not presume any such authority in said cause and took no action whatever in the trial thereof.

The fact that the judgment does not recite that defendant's motion to make plaintiff's petition more definite and certain was disposed of, is no proof that the court did not by order duly enter of record dispose of such motion prior to the entry of judgment, and no proof that the case was not at issue. We must indulge the presumption of right action on the part of the court until the contrary is made to appear and accord to the judgment that verity which the law gives it.

If it be conceded that the answer states a legal defense, the evidence offered in support thereof is wholly insufficient.

Appellant cites the case of Stuart v. Dickinson, 290 Mo. 516, in support of his contention that the unauthorized act of Enfield in appearing as a representative of defendant, did not give the court jurisdiction to enter judgment against defendant. This case is not in point on the question here considered. In the Stuart case, the facts showed that attorneys filed a claim on behalf of Mrs. Stuart in a receivership proceeding in the Federal court. She was not in court prior to the filing of this claim. The question there decided was whether the act of the attorneys in filing the claim, if unauthorized, gave the court jurisdiction. A different question is presented in the instant case. The court acquired jurisdiction of defendant by due service of process, and had such jurisdiction long before the alleged appearance of Enfield as a representative of defendant. Enfield's alleged appearance does not go to the question of jurisdiction.

We find no error in the record and therefore affirm the judgment. *Williams, C.,* concurs.

PER CURIAM:—The foregoing opinion by FRANK, C., is hereby adopted as the opinion of the court. All concur, except *Trimble, P. J.,* absent.