J. P. HICKS, APPELLANT, v. GEORGE LA PLANT, RESPONDENT.—151 S. W. (2d) 104.

Springfield Court of Appeals. May 20, 1941.

*Geo. W. Barham* and *Sharp & Sharp* for appellant.

*J. V. Conran* for respondent.

Respondent filed no brief.

SMITH, J.—The appeal in this case was taken to the Supreme Court, and by that court transferred to this court. [See 145 S. W. (2d) 142.]

We use part of the language of that court, as follows:

"This is a suit on a foreign judgment. Appellant Hicks requested the trial court to direct a verdict for plaintiff, which was refused. The cause was submitted to a jury, resulting in a verdict for defendant. A new trial was denied and, from the judgment entered, plaintiff appealed.

"The original suit grew out of a car accident in Arkansas. J. P. Hicks, Mrs. J. P. Hicks and Charles Hicks were alleged to have been injured in that collision. They sued La Plant in the Arkansas court under a statute which authorized a joint suit in such cases. The Arkansas statute also authorized service of process on a non-resident defendant, in a case where a cause of action grew out of a collision between cars traveling upon the public highway within the State of Arkansas.

"Judgments were rendered in the Arkansas court against La Plant and in favor of J. P. Hicks in the sum of $2,490, in favor of Mrs. J. P. Hicks in the sum of $2,000 and in favor of Charles Hicks in the sum of $1,250. J. P. Hicks took an assignment of the judgments of Mrs. J. P. Hicks and Charles Hicks. He later filed suit thereon against La Plant, respondent in this case, in the Circuit Court of New Madrid County, Missouri. La Plant filed an answer consisting of a general denial. He also stated in his answer that, prior to the time suit was filed in Arkansas, suits had been filed in the New Madrid County Circuit Court on the same causes of action, which suits were later dismissed and then filed in Arkansas. La Plant alleged in his answer that such action constituted fraud upon the Missouri courts. La Plant also made a plea in his answer to the merits of the cause of action upon which the judgments were based, alleging that he was not liable for the injuries, if any were sustained in the collision. A motion to strike out this defense was overruled by the trial court.

"The count on the judgment in favor of Charles Hicks in the sum of $1,250 was dismissed by plaintiff."

The facts out of which the judgment arose are that on the 17th day of November, 1934, J. P. Hicks, in company with his wife, son, daughter and Mrs. Parley Davis, his mother-in-law, were driving in a

Chevrolet automobile north along highway 61 in Mississippi County in the State of Arkansas. At a point about one mile north of Turrell, Arkansas, the defendant, George La Plant, in company with his daughter, June La Plant, who was doing the driving, was proceeding southward along this same highway No. 61. At the place of the accident it appears that the La Plant car pulled out to the left of the highway in an attempt to pass two or three cars which were in front of it, all proceeding in a southward direction along said highway. At the time the La Plant car turned out to its left to pass around the cars in front of it, the Hicks car was coming north at a speed of approximately forty miles an hour and evidently the driver of the La Plant car did not see the Hicks car approaching from the south. The driver of the Hicks car, in an attempt to avoid a collision, pulled his car to the right until both of his right hand wheels were off of the highway, but the La Plant car had got over so far on its left hand side of the highway that the cars collided. As a result of which, the Hicks car was turned over two and one-half times and finally came to rest in a ditch on the west side of the highway. In this accident Mr. Hicks' daughter was killed, he and his son and his mother-in-law, Mrs. Parley Davis, were all severely injured. The car was a total wreck. George La Plant, the defendant, was a farmer living in New Madrid County, Missouri, and the Hicks were also farmers living in the vicinity of Burdette, Arkansas, which is some thirty-two miles north on Highway 61 where the accident occurred and to which place they were returning at the time of the accident, which occurred about one o'clock p. m. The testimony shows that Hicks first filed suit in New Madrid County, Missouri, against La Plant on this cause of action, but this was afterwards dismissed without prejudice, that is, the suits of J. P. Hicks and Mrs. J. P. Hicks and Charles Hicks. Mrs. Davis also filed suit in New Madrid County and this cause was sent on change of venue to Mississippi County, where it is still pending. After dismissing the suits in New Madrid County by J. P. Hicks, Mrs. J. P. Hicks and Charles Hicks, a suit was filed for the same accident in Mississippi County, Arkansas, under a statute known as Act No. 39, approved February 18, 1933, providing for personal service on nonresident defendants. This Act No. 39, set out in full in the petition, provided generally that where a nonresident owner, chauffeur or operator of a motor vehicle uses the highway of the State of Arkansas, service on such persons may be had under the laws of that state by service of process on the Secretary of State and also mailing to the last known address of the defendant, by registered mail, a copy of the summons and the petition. It is also provided in the State of Arkansas that where different causes of action arise out of the same set of circumstances, they may be united in one petition, and that is what was done in this case. The proof shows that plaintiffs in the Mississippi County, Arkansas, case complied with the statute set forth in Act No. 39

referred to, and defendant George La Plant was properly before that court, service having been had upon the Secretary of State, and a copy of the petition and summons sent by registered mail to George La Plant to his address at East Prairie, Missouri, and the return register receipt showing proof of service was filed in the court in Arkansas and the cause therein then proceeded in the regular way, resulting in judgment in favor of J. P. Hicks in the sum of $2,490 and in favor of Mrs. J. P. Hicks in the sum of $2,000 and in favor of Charles Hicks in the sum of $1,250. These judgments were later, and before the bringing of the present suit in New Madrid County, duly assigned to J. P. Hicks, who filed this suit in New Madrid County, Missouri, on the three judgments. The case was later dismissed as to Charles Hicks' judgment, for the reason that he was a minor, and proceeded to trial on the two judgments rendered in favor of J. P. Hicks and Mrs. J. P. Hicks. The petition filed in this case sets out and describes the judgments and also sets forth in detail the laws of Arkansas relative to service upon defendants in this sort of case in that state and also the laws of Arkansas relative to the consolidation of cases. The answer, after a general denial, sets up the facts that the suits had been filed in New Madrid County, Missouri, by Mr. Hicks and Mrs. Hicks and Mrs. Davis and that the Hicks' cases had been dismissed and the Davis case transferred on change of venue to Mississippi County, and sets up the fact of bringing those suits as a bar to bringing the suits in the State of Arkansas. A motion was filed to strike out all of this answer except the general denial, which was by the court overruled and plaintiff excepted, and thereupon the court proceeded to trial. At the trial of the case the plaintiff introduced the statutes of Arkansas, together with copies of the service of the petition and service had in the Arkansas suits, together with a copy of the petition, verdicts of the jury and judgments as rendered in Mississippi County, Arkansas, all duly certified as provided under the Acts of Congress. The defendant offered the records in New Madrid County, Missouri, showing the filing of these suits mentioned, together with the disposition of them, that is, the two Hicks cases dismissed without prejudice and the transfer of the Davis case to Mississippi County on change of venue. Defendant also introduced in evidence, over the objection and exception of plaintiff, some testimony regarding the circumstances surrounding the accident relative to the testimony of the witnesses in the Davis case which was tried in Mississippi County, Missouri, all of which testimony was objected to by the plaintiff on the ground that it was not defensive to a suit on a judgment. At the conclusion of the testimony the plaintiff offered Instruction No. 1, which was in the nature of a peremptory instruction to the jury to find for the plaintiff, which was by the court refused, and thereupon the plaintiff offered Instruction No. 2, which was likewise refused by the court, and the cause was submitted to the

jury by the court without any instruction whatsoever, the court also refused peremptory instruction to find in favor of the defendant. Under these circumstances, the jury brought in a verdict for the defendant on both counts of the petition. Thereafter motion for new trial was duly filed by the plaintiff, which being overruled, an appeal has been perfected and the matter is now before this court.

Instruction No. 2 offered in this case and refused by the court is as follows:

"The Court instructs the jury that this is a suit upon certain judgments that have been obtained in the State of Arkansas by plaintiff and his assignors against the defendant. You are therefore instructed that if you find and believe from the evidence in this case that the plaintiff and his assignors brought a suit in the courts of the State of Arkansas against defendant and that said court had jurisdiction of the kind of lawsuit brought by plaintiff and his assignors and of the parties thereto, if you find they did bring such suit or suits, and that in said cause the defendant was served with notice thereof according to the laws of the State of Arkansas, and if you further find and believe from the evidence that said suits were submitted to said court and judgment was rendered in said cause against the defendant and that no appeal was taken therefrom, and if you further find and believe from the evidence that at the time said judgments were rendered, if you find they were rendered, that the court had jurisdiction of the defendant according to the laws of the State of Arkansas introduced in evidence, and if you further find said judgment has not been paid, then you will find the issues herein for the plaintiff and against the defendant in the amount of such judgments, if any."

The record before us shows that every element of fact mentioned in this instruction was fully covered by the pleadings and the evidence and that there was not a particle of evidence offered by the defendant to contradict it. There was no reason whatever why this directory instruction should not have been given, and it was reversible error not to give it.

A judgment obtained in a court of general jurisdiction of a sister state, which had jurisdiction of the parties to the action, is presumably valid, and a properly authenticated copy of such foreign judgment makes a *prima facie* case. [Toler v. Coover, 71 S. W. (2d) 1067, 335 Mo. 113; Lacy Co. v. National Finance Co., 79 S. W. (2d) 1078.]

Since there was nothing offered by the defendant showing fraud upon the court in obtaining the judgment, and nothing offered showing lack of jurisdiction of the parties, and no showing of any kind that legal notice was not given to the defendant, and nothing offered contradicting in any way the *prima facie* case made, it was error to not give the directory instructions requested.

The defendant has not seen fit to favor us with any brief.

304

It is our conclusion that the judgment should be reversed and the cause remanded to the Circuit Court with directions to enter judgment for the plaintiff for the amount set out in the authenticated foreign judgments.

It is so ordered. *Blair, P. J.,* and *Fulbright, J.,* concur.