**Doyle GIBSON and Grange Mutual Casualty Company, Plaintiffs-Respondents,**

v.

**Alberta EPPS, Defendant-Appellant.**

**No. 8018.**

Springfield Court of Appeals.

Missouri.

Dec. 12, 1961.

**46**

Kearby & Calvin, Poplar Bluff, for appellant.

Jack L. Jolly, Poplar Bluff, for respondents.

McDOWELL, Judge.

The Circuit Court of Butler County, Missouri, entered a judgment for plaintiffs and against defendant in the sum of $978.00 based upon a foreign judgment rendered in the Court of Common Pleas of Trumbull County, Ohio, in a damage action growing out of an automobile collision. From this judgment defendant appealed.

The facts giving rise to this controversy are that plaintiff, Doyle Gibson, a resident of Ohio, was the owner of an automobile which was insured by plaintiff, Grange Mutual Casualty Company. On October 26, 1956, defendant, a resident of Missouri, while visiting in Ohio, driving her 1953 Pontiac automobile, was involved in a collision with Gibson's car. As a result of this collision plaintiffs instituted an action for damages for injuries sustained to the Gibson automobile in the Court of Common Pleas in Trumbull County, Ohio, a court of proper jurisdiction for such action. Defendant was duly served with process in said action but defaulted by failing to answer or file other pleadings. The cause was tried and judgment rendered for plaintiffs on December 4, 1958, for $978.00. Plaintiff, Grange Mutual Casualty Company, paid the amount of said judgment to Gibson and became subrogated to Gibson's claim to this extent.

On December 8, 1959, plaintiffs filed suit on the above foreign judgment against defendant in Butler County, Missouri, the place of defendant's residence.

The petition was in the usual form.

Defendant's amended answer pleads (1) a general denial, and, (2) a counterclaim. The counterclaim alleged, inter alia, that the collision which occurred in Ohio was due to the negligence and carelessness of the driver of the Gibson car (setting out three specific grounds of negligence relied on); that by reason of such negligence and

carelessness on the part of plaintiff, as aforesaid, defendant sustained damages for personal injuries in the sum of $25,000 and property damage to her Pontiac automobile in the sum of $1500 for which amounts she prayed judgment.

Plaintiffs filed an amended motion to strike the counterclaim of defendant's answer on the ground that: (1) the counterclaim is one which cannot be properly interposed in this action.

(2) The things and matters alleged in the counterclaim have, or should have been heretofore, adjudicated in a court of competent jurisdiction and are res judicata in this case.

(3) The counterclaim is untimely and barred by the statute of limitations.

The trial court sustained plaintiffs' motion to strike the counterclaim on the first two grounds of said motion and found for the defendant on the third ground.

The only issue complained of on this appeal is that the trial court committed error in sustaining plaintiffs' motion to strike defendant's counterclaim.

To support this contention defendant-appellant cites Supreme Court Rule 74.79(h), V.A.M.R., which reads: "Defenses—Counterclaims. Any defense, set-off or counterclaim which under the law of this state may be asserted by the defendant in an action on the foreign judgment, may be presented by appropriate pleadings and the issue raised thereby shall be tried and determined as in other civil actions. Such pleadings must be filed within thirty days after personal jurisdiction is acquired or within thirty-five days after the mailing of the notice prescribed in paragraph (e)."

This Rule is the same as § 511.760 RSMo 1959, V.A.M.S., which contains sections 16 and 17 and reads:

"16. The right of a judgment creditor to bring an action to enforce his judgment instead of proceeding under this section remains unimpaired.

"17. This section shall be so interpreted and construed as to effectuate its general purpose to make uniform the law of those states which enact it."

The Uniform Enforcement of Foreign Judgments Law was adopted by Missouri in 1951. By the Act procedure is made available under which the judgment creditor can effectively obtain relief and, at the same time, give adequate protection to the judgment debtor to present any defense that can now be interposed to an action on such judgment. The Rule of the Supreme Court was adopted in furtherance of the provisions of the Uniform Enforcement of Foreign Judgments Act. 72 A.L.R.2d, p. 1255 (Annotation—Uniform Enforcement of Foreign Judgments Act).

The instant case is not an action under section 511.760 RSMo 1959, V.A.M.S., the Uniform Enforcement of Foreign Judgments, but an action to enforce a judgment rendered in a sister state.

■ The full faith and credit clause of the Federal Constitution, art. 4, § 1, precludes any inquiry into the merits of the cause of action, the logic or consistency of the decision, or the validity of the legal principles on which the judgment is based. 50 C.J.S. Judgments § 891, pp. 492, 493.

■ A judgment is entitled to full faith and credit and is conclusive even though the judgment is inconsistent with the findings or decision on which it is based; and a default judgment, although at variance with the facts pleaded in the complaint, is entitled to full faith and credit and is conclusive. 50 C.J.S. Judgments § 891, p. 493.

In the instant case appellant made no attempt to deny the judgment sued on but relies solely on the court's denial of her right to file a counterclaim which shows on the face of the pleadings that it goes to the merits of the original suit.

In McDougal v. McDougal, Mo.App., 279 S.W.2d 731, 739 [25–30], Judge Stone,

**48**

speaking for this court, stated: "* * * Where it is reasonably possible to do so, such construction will be adopted as will give force and effect to the judgment, make it serviceable instead of useless, and support rather than destroy it. Furthermore, in respect to a judgment rendered by a court of general jurisdiction of a sister state, it is presumed, absent any showing to the contrary, not only that the court had jurisdiction both of the parties and of the subject matter (Toler v. Coover, 335 Mo. 113, 71 S.W.2d 1067, 1069(5); O'Connell v. Smith, Mo.App., 131 S.W.2d 730, 732(3); Hicks v. La Plant, 236 Mo.App. 299, 151 S.W.2d 104, 106(1)) but also that the court 'followed its laws and entered a valid judgment in accordance with the issue made in that case' * * *. A party asserting the invalidity of such judgment has the burden of overcoming the presumption of validity, unless the proceedings show on their face that the judgment is not entitled to that presumption."

■ In the instant case there is no contention that the Common Pleas Court in Ohio, which rendered the judgment (the basis of this action) against appellant, was not a court of general jurisdiction having power to render the judgment and the pleadings show on their face that the court had jurisdiction of both the subject matter and the parties. The judgment appears to us to be one entitled to full faith and credit in so far as it finally adjudicates that in Ohio appellant was guilty of negligence, as charged in the damage action, on which the court rendered judgment in that state. Such being true, we cannot, in any sense, permit that issue to be relitigated here under the counterclaim filed by appellant.

■ Such a judgment is only subject to attack for: (1) lack of jurisdiction over the subject matter; (2) failure to give due notice to the defendant; and (3) fraud in the concoction of the judgment. In re Veach, 365 Mo. 776, 287 S.W.2d 753, 759 [6–9]; Howey v. Howey, Mo.Sup., 240 S. W. 450; Leichty v. Kansas City Bridge

Co., 354 Mo. 629, 190 S.W.2d 201; Kilbourn v. Kilbourn, 354 Mo. 17, 190 S.W.2d 206; Hoffman v. Hart, Mo.App., 309 S.W. 2d 709, 711 [1]. None of these grounds appear in the present action.

It was stated by the Supreme Court in the Veach case, supra, 287 S.W.2d page 759 that: "We cannot and will not reinvestigate the merits of those charges. See: 50 C.J.S., Judgments, § 891, p. 492 et seq.; Williams v. North Carolina, 325 U.S. 226, 65 S.Ct. 1092, 89 L.Ed. 1577; Cook's Estate v. Brown, 346 Mo. 281, 140 S.W.2d 42, 128 A.L.R. 1396; Shearer v. Parker, [364] Mo. [723] 267 S.W.2d 18."

Appellant cited Kilbourn v. Kilbourn, 354 Mo. 17, 190 S.W.2d 206 to support her contention that her counterclaim could be interposed in this action. On page 207 of the opinion [1–3] the court quoted from Marx v. Fore, 51 Mo. 69, at page 75, 11 Am. Rep. 432 as follows: " 'The rule is that they (judgments of other States) are to be just as conclusive as domestic judgments, with this exception, that "they are open to inquiry as to the jurisdiction and notice to defendant" * * * ' ".

This case in no way supports appellant's contention. If appellant had desired to file a counterclaim to the merits of the action, under the law, she would have had to file such a defense in the original suit.

Appellant cites Emerson-Brantingham Implement Co. v. Montgomery, 222 Mo. App. 12, 300 S.W. 538. In this case the court stated on page 539[1]:

"The first question confronting us is whether or not the defense interposed by defendant's answer is a collateral attack on the Kansas judgment which is the basis of this action.

"The rule governing this question is well stated by the Supreme Court in Howey v. Howey, 240 S.W. 450, 457, in the following language:

" 'In the discussion of this case we may go further than our rule permits.

In collateral attacks the rule is well stated in Williams v. Williams, 53 Mo. App. [617] loc. cit. 619, quoted supra. If under the law the court had jurisdiction of the subject-matter, and jurisdiction of the person, as shown by the record, then the collateral attack must fail. But where there is a direct attack for fraud, by way of answer in cases where there is a suit upon the judgment from the sister state, then we may go into such fraud as entered into the very concoction of the judgment. * * * We think that our court has never gone further than to hold that these judgments from a sister state can only be questioned for (1) jurisdiction over the subject-matter, (2) failure to give legal notice to defendant, and (3) where there has been some fraud in the concoction of the judgment, as where the defendant is made to appear, when in fact there was no authorized appearance.' "

This case completely refutes appellant's contention that she can file a counterclaim which goes to the merits of the original suit.

Appellant cites State ex rel. Mack v. Scott, Mo.App., 235 S.W.2d 106. In this opinion it is stated on page 111[9] that: "A party failing to set up by way of counterclaim in the original suit any related claims he may have against the opposite party waives the claims and cannot later assert them. [Citing authority]."

This holding refutes appellant's contention that she can in the present action file a counterclaim which goes to the merits of the action.

The law is that a judgment creates a new right in the judgment plaintiff and imposes a new duty on the judgment defendant independent of the cause of action alleged in the suit in which the judgment was given. A suit on a judgment is a suit on this new right, not the old cause of action; and it is immaterial whether a cause of action did or did not exist before judgment. Restatement of Conflict of ·Laws, Section 431, Comment a, p. 514.

It is unnecessary to consider other alleged statements in appellant's brief. The law is well settled that in a suit on a foreign judgment the only defenses that the judgment debtor can impose are jurisdiction over the subject matter, failure to give legal notice to the defendant and fraud. In the instant case appellant undertakes to re-try the original suit by filing a counterclaim which goes to the merits of the action. This, she cannot do. A final valid judgment on the merits rendered by a competent court having jurisdiction of the parties and the subject matter is conclusive on every other state and the merits cannot b.: reinvestigated. The full faith and credit clause of the Federal Constitution precludes any inquiry into the merits of the cause of action.

The judgment of the trial court is affirmed.

STONE, P. J., and HUNTER, Special Judge, concur.

RUARK, J., not participating.