Maurice J. MEKELBURG, a/k/a Moe Mekelburg, Plaintiff-Appellant,

v.

Jane WHITMAN and Carol Whitman, Jr., Defendants-Respondents.

No. 10227.

Missouri Court of Appeals, Springfield District.

Dec. 20, 1976.

Gene C. Thompson, Esterly & Thompson, Carthage, for plaintiff-appellant.

No appearance for defendants-respondents.

TITUS, Judge.

On September 10, 1974, plaintiff filed a petition in the Circuit Court of Jasper County under the Uniform Enforcement of Foreign Judgments Law. § 511.760, V.A.M.S.; Rule 74.79, V.A.M.R. By this he sought registration of a default judgment obtained against defendants in the District Court of the City and County of Denver, Colorado, on June 7, 1974. An authenticated copy of the Colorado judgment was also filed and the Colorado judgment was registered by order of the Missouri court. Summonses were issued and served upon the judgment debtors (defendants), who answered. After a court trial of the matter, the circuit court entered an order setting aside the registration and plaintiff appealed.

Defendants, Missouri residents, owned a horse named Caballero Cody. They took him to Denver, Colorado, where he was sold at auction in defendants' presence to plaintiff on January 14, 1974.[1] Thereafter, plaintiff filed suit in the above designated Colorado court to rescind the horse sale and to recover damages because of defendants' alleged misrepresentations as to Cody's condition and soundness. Defendants were personally served with summonses in Jasper County, Missouri by a Jasper County deputy sheriff on March 22 and 25, 1974. §§ 37-1-26 and 37-1-27(1), Colorado Revised Statutes. Defendants did not plead or otherwise appear in the Colorado cause and the aforementioned default judgment was rendered against them on June 7, 1974.

In the Missouri proceedings defendants admitted they had knowledge that the Colorado suit was pending "more than 30 days" prior to the entry of the default judgment, that they knew the judgment had been entered against them, and that they had not appealed from the judgment. The gist of defendants' defense to the registration of the Colorado judgment and the basis of the order entered by the Circuit Court of Jasper County, was that the Colorado judgment had been procured by fraud. The basis for this was defendants' asseveration and the court's finding that Cody had been injured subsequent to the auction sale and that by reason thereof plaintiff knew he was incapable and unable to conform to a judgment of rescission by returning the horse to defendants in the same or substantially the same condition it was in on the date of the auction sale. This is predicated on defendant-husband's testimony that after being served with process in the Colorado suit, he flew to Colorado and saw Cody on May 27, 1974. According to the testimony, at that time Cody had been run through a fence and injured making him so unsound it "would have been impossible for him to be in any kind of condition to be of any value." Defendants made no claim that plaintiff, or anyone, had done or said anything intended to or which did prevent them from making timely appearance in the Colorado cause and presenting whatever defenses were available to them.

"Any defense . . . which under the law of this state may be asserted by the defendant in an action on the foreign judgment, may be presented [in a registration proceeding] by appropriate pleadings and the issues raised thereby shall be tried and determined as in other civil actions." § 511.760–8; Rule 74.79(h). In actions on foreign judgments in Missouri courts, we give full faith and credit under U.S.Const., art. IV, § 1, to judgments of sister states unless there was (1) lack of jurisdiction over the subject matter, (2) failure to give due notice, or (3) fraud in the procurement or concoction of the judgment. *In re Veach,*

---

1. The auctioneer would have been defendants' agent. *Coleman v. Duncan,* 540 S.W.2d 935, 937[3] (Mo.App.1976).

365 Mo. 776, 784–785, 287 S.W.2d 753, 759[8] (banc 1956); *Nelson v. Browning,* 391 S.W.2d 873, 878[9] (Mo.1965); *O'Neill v. Winchester,* 505 S.W.2d 135, 136[1] (Mo.App.1974); *In re Barger,* 365 S.W.2d 89, 94[2] (Mo.App.1963). Defendants were given due notice of the Colorado action by being served under the Colorado long-arm statute and the Colorado court had jurisdiction over the subject matter of the cause. Therefore, the sole question is whether fraud existed in the procurement or concoction of the Colorado judgment.

 A judgment of a foreign court having jurisdiction of the parties and the subject matter cannot be impeached collaterally for fraud in the procurement or concoction of the judgment by asserting a defense which would have been available to defendants had they chosen to appear and defend in the foreign forum [*Corning Truck & Radiator Service v. J. W. M., Inc.,* 542 S.W.2d 520, 526[8] (Mo.App.1976)], by showing the evidence on which it was based would have been insufficient on appeal to sustain the judgment [*Scott v. Scott,* 441 S.W.2d 330, 333[2] (Mo.1969); *La Presto v. La Presto,* 285 S.W.2d 568, 570[5] (Mo.1955)], by showing false swearing at the trial [*Emerson-Brantingham Implement Co. v. Montgomery,* 222 Mo.App. 12, 16, 300 S.W. 538, 539[2] (1927)], by showing the foreign judgment was inconsistent with the findings or decision on which it was based, or by showing that the default foreign judgment is at variance with the facts pleaded in the complaint or petition. *Gibson v. Epps,* 352 S.W.2d 45, 47[2, 3] (Mo.App.1961).

To avoid a judgment on the ground of fraud, the fraud must be extrinsic or collateral to the issues tried. Intrinsic fraud is unavailing. 46 Am.Jur.2d, Judgments, § 710, pp. 864–865, and § 826, pp. 981–984. "The fraud must relate to the manner in which the judgment was procured. Fraud in matters pertaining to the judgment itself is intrinsic fraud and is not a proper basis for setting aside a default judgment. *Reis v. La Presto,* 324 S.W.2d 648, 653–654 (Mo.1959); *Head v. Ken Bend-*

er Buick Pontiac, Inc., 452 S.W.2d 596, 598 (Mo.App.1970). 'The fraud that vitiates a judgment is a fraud which goes to its procurement, not fraud relating to the merits of the action.' *Head v. Ken Bender Buick Pontiac, Inc.,* supra, 598." *Human Development Corp., etc. v. Wefel,* 527 S.W.2d 652, 655[4, 5] (Mo.App.1975); *Young Elec., Inc. v. Susman,* 533 S.W.2d 625, 629, n. 2 (Mo.App.1975).

We are clear to the view that the fraud claimed by the defendants in the instant case concerned intrinsic fraud and that the circuit court erred in setting aside the registration of the Colorado judgment. The essence of defendants' claim of fraud was a concealment of facts from the Colorado court which would have precluded the entry of judgment had the court known of their existence. Even assuming the truth of the assertion, this would be intrinsic fraud which is insufficient to vitiate the judgment. *Fulton v. I. T. & T. Corp.,* 528 S.W.2d 466, 469–470[5] (Mo.App.1975).

The judgment nisi is reversed and the cause is remanded with directions to the Circuit Court of Jasper County to enter an order and judgment sustaining registration of the Colorado judgment.

It is so ordered.

All concur.