FIRST BANK AND TRUST COMPANY,
Plaintiff-Respondent,

v.

H. P. MONTGOMERY, Jr.,
Defendant-Appellant,

and

Henry C. Williams, Defendant.

No. 10360.

Missouri Court of Appeals,
Springfield District.

Aug. 14, 1978.

Gerald H. Lowther, C. Ronald Baird, Lowther, Johnson & Franks, Springfield, for defendant-appellant.

Thomas D. Dwyer, Springfield, for plaintiff-respondent.

Before BILLINGS, C. J., and TITUS and FLANIGAN, JJ.

FLANIGAN, Judge.

On October 23, 1973, H. P. Montgomery, Jr., appellant here, and another person, executed a promissory note in favor of First Bank and Trust Company (the bank), respondent here. On May 9, 1975, the District Court of Stephens County, Oklahoma, entered a money judgment, for the amount due on the note, in favor of the bank and against Montgomery.

On January 23, 1976, pursuant to Rule 74.79,[1] the bank filed in the Circuit Court of Greene County, Missouri, its verified "Petition for Registration of Foreign Judgment." An authenticated copy of the Oklahoma judgment was attached to and incorporated in the petition. The clerk of the Missouri court, in compliance with Rule 74.-79(c), notified the clerk of the Oklahoma court of the making of the application and requested the Oklahoma court to file that information with the Oklahoma judgment.

On February 20, 1976, Montgomery was personally served, by the sheriff of Greene County, with a summons, together with a copy of the petition for registration and its attachment. Montgomery failed "to plead within thirty days after jurisdiction over his person" had been obtained. Rule 74.79(g).

On March 25, 1976, the Missouri court made a judgment entry reciting, among other things, that the Oklahoma judgment "is a final personal judgment of this court" in favor of the bank and against Montgomery. The entry also recited the amount of the judgment.

On April 23, 1976, Montgomery filed in the Missouri court a "Motion to Set Aside Judgment." In that motion Montgomery sought to raise a defense to the Oklahoma judgment, the defense being fraud in its concoction. Also on April 23, 1976, the Missouri court held a hearing on Montgomery's motion. No evidence was introduced at that hearing. The court denied the motion. Montgomery appeals.

■ Montgomery's sole "point relied on" is: The trial court erred in refusing to set aside, pursuant to Rule 75.01, the judgment entered March 25, 1976, for the reason that Montgomery's verified motion, filed within the thirty-day period prescribed by Rule 75.01, clearly showed that the *Oklahoma* judgment was procured by fraud in its concoction. The point is without merit and the judgment is affirmed.

Fraud in the concoction or procurement of a foreign judgment is a defense to an action on the foreign judgment. *Nelson v. Browning*, 391 S.W.2d 873, 879[9] (Mo.1965); *In Re Veach*, 365 Mo. 776, 287 S.W.2d 753, 759[8] (banc 1956); *Mekelburg v. Whitman*, 545 S.W.2d 89, 90[1] (Mo.App.1976); *In Re Barger*, 365 S.W.2d 89, 94[2] (Mo.App.1963); Anno. 55 A.L.R.2d 673.

Under the Uniform Enforcement of Foreign Judgments Law, which is embodied in Rule 74.79, the defendant may assert any defense "which under the law of this state may be asserted by the defendant in an action on the foreign judgment." Rule 74.-79(h). However, the latter rule also provides that the defense "may be presented by appropriate pleadings and the issue raised thereby shall be tried and determined as in other civil actions. *Such pleadings must be filed within thirty days after per-*

---

1. Unless otherwise indicated, all references to rules are to Missouri Rules of Court, V.A.M.R.

*sonal jurisdiction is acquired . . . .*" (Emphasis added.) It is clear that appellant did not comply with the italicized portion of Rule 74.79(h). On *February 20, 1976,* appellant was personally served, in the Missouri proceeding, with a summons, together with a copy of the petition for registration and its attachment. Appellant filed no pleading within 30 days thereafter.

■ It might be argued that giving any recognition to appellant's "Motion to Set Aside Judgment" which he filed on April 23, 1976, is inconsistent with Rule 74.79(h) and defeats its very purpose. The validity of that argument need not be explored, however, for the reason that the instant motion, even if accorded recognition, falls short of its goal.

Pleadings do not prove themselves. *State v. McQueen,* 296 S.W.2d 85, 90[5] (Mo. banc 1956); *Stewart v. Brown,* 546 S.W.2d 204, 207[3] (Mo.App.1977); *Fulton v. Fulton,* 528 S.W.2d 146, 157[24] (Mo.App.1975). Although appellant's brief (and his "point relied on") refers to his motion of April 23, 1976, as "verified," the motion, as set forth in the transcript, is not verified. The transcript does contain at the end of the motion [2] the following: "Signatures, affidavit and jurat omitted." The transcript sheds no light on any of the following: (1) Whose signatures are referred to? (2) What were the contents of the affidavit? (3) Who was the affiant? (4) What were the contents of the jurat? (5) Who was the person who executed the jurat and by what authority did he act?

As previously stated, no evidence was introduced at the hearing of April 23. Appellant seeks to derive evidentiary benefit from the motion itself, emphasizing the unsubstantiated fact that it was "verified." There is authority for the general rule that verification of a pleading does not dispense with the need for proof of its allegations. 71 C.J.S. Pleading § 366, p. 769.[3]

"Although an appellate court has the *discretionary* right to direct the clerk of the trial court to send up original documents or exhibits, . . . *the court is under no obligation to do so.* . . . Unless the questions on appeal are presented by a statement of the case approved by the trial court . . . or the parties agree in writing upon an abbreviated or partial transcript, . . . it is appellant's responsibility to file a full transcript . . . And where, as here, exhibits are omitted from the transcript and are not filed with the appellate court . . . the intendment and content of such exhibits will be taken as favorable to the trial court's ruling and as unfavorable to appellant." *Lange v. Baker,* 377 S.W.2d 5, 7[2–4] (Mo.App.1964). Each of the foregoing statements is supported by authorities there cited. See also *Wykle v. Colombo,* 457 S.W.2d 695, 700[4] (Mo.1970).

There is also authority for the proposition that the inclusion of the verification or the affidavit in the transcript would not have required reversal. "[O]ur courts have long held that the trial court when acting as the trier of fact may disbelieve the testimony of any witness. *Labor Discount Center, Inc. v. State Bank and Trust Co.,* 526 S.W.2d 407 (Mo.App.1975). 'The trial court in a court-tried case is the arbiter of the facts; it may believe or disbelieve oral evidence and the fact that the testimony is uncontradicted is not in any way decisive.' *Intertherm, Inc. v. Coronet Imperial Corp.,* 558 S.W.2d 344, 348 (Mo.App.1977). If, then, under Missouri law, the trial court may disbelieve in-court testimony, a fortiori an affidavit may be similarly treated." *Cloyd v. Cloyd,* 564 S.W.2d 337, 343[10] (Mo. App.1978).

The judgment is affirmed.

All concur.

---

2. The motion itself is not a model of clarity. It states that when defendant "learned" of the filing of the Oklahoma action, he talked with "the plaintiff" and that "the plaintiff" told defendant certain things. As the opinion indicates, the plaintiff is a corporation.

3. Rule 78.05 permits the *filing* of affidavits "when any after-trial motion, including a motion for new trial, is based on facts not appearing of record."