**Khadija BRYANT, Respondent,**

v.

**Midell BRYANT, Appellant.**

No. 40892.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 18, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 16, 1979.

Khadija Bryant, pro se.

Sleater & Sleater, W. W. Sleater, Clayton, D. A. Kearns, Chicago, Ill., for respondent.

CRIST, Judge.

Judgment denying appellant's motion for a payout order in garnishment proceedings affirmed because appellant's motion lacked evidentiary support. The transcript shows:

The parties' marriage was dissolved on November 13, 1974. The decree awarded the respondent mother custody of two minor children and $25.00 per week for the support of each of the children. On October 28, 1976, the court ordered the appellant father to pay $1,255.00 back child support and $50.00 per month for future child support while such order was in force. Primary custody of the two children was placed with the paternal grandmother during the week and with the mother on weekends. Upon a motion to modify, the court entered a decree on July 11, 1977 which granted both mother and father legal custody of one child, provided for equal periods of visitation, and relieved the father of his child support obligations during periods of summer visitation when he should have actual custody.

The mother filed her request for execution and/or garnishment on October 5, 1977 and interrogatories to the garnishee on January 4, 1978. On February 7, 1978, the return on execution was filed showing service on Gulf Transit Co., St. Louis Charter Coach Department, a corporation, directed to H. J. Shea, he being in the business office of said corporation and having charge thereof. The President or other chief office of said corporation could not be found in the City of St. Louis at the time of service.

Answers to the interrogatories were filed by Illinois Central Gulf Railroad Company on February 16, 1978.

Thereafter, on March 20, 1978, the father filed a motion to order the clerk to pay him $803.01 heretofore paid into court by the

garnishee, alleging that (1) the trial court had no jurisdiction over the garnishee or the subject of the garnishment because notice of garnishment was not served upon a proper officer of the corporation contrary to Section 525.050, RSMo. 1969, and (2) he did not owe any additional child support because he had already paid more than he was legally obligated to pay.

The mother's reply to the payout motion, filed on March 23, 1978, stated in part "[t]he grounds for the payout Order are based upon interpretation of Two Court Decrees, upon which final determination is [sic] not yet been made." The mother also filed, on April 26, 1978, a motion alleging the father had not followed former orders of the court and was not in proper position to move the court for any relief.

On June 8, 1978, the clerk ordered $803.01 received from the garnishee deposited into the registry of the court. The court overruled the father's motion for a payout order on July 28, 1978, and the father appeals from this ruling.

As in his motion for a payout order, the father argues the trial court had no jurisdiction over the garnishee or the subject of the garnishment because the notice of garnishment was not served upon a proper officer of the corporation contrary to Section 525.050, RSMo. 1969, and that he did not owe any additional child support because he had already paid more than he was legally obligated to pay.

 The transcript does not show the introduction of evidence in support of the payout motion. The transcript merely shows the filing of a payout motion by the father, a reply and a motion filed by the mother, and the order overruling the payout motion. Without evidentiary support on the record for the payout motion, we must affirm the judgment. An appellant cannot charge the trial court with error upon an issue which "died for complete lack of nourishment by way of exhibits, evidence or testimony." Further, the failure to introduce evidence upon the issue in the trial court results in a void in the transcript which deprives the appellate court of any issue to decide. *Edwards v. Hrebec*, 414 S.W.2d 361, 366 (Mo.App.1967); *accord, First Bank and Trust Co. v. H. P. Montgomery*, 570 S.W.2d 346, 348 (Mo.App.1978); *Feely v. Birenbaum*, 554 S.W.2d 432, 434 (Mo.App.1977).

The judgment is affirmed.

REINHARD, P. J., and GUNN, J., concur.