Allan F. STEWART, Respondent,

v.

ROWLAND SURVEYING CO.,
INC., Appellant.

No. 45120.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 22, 1982.

Charles M. M. Shepherd, Clayton, for appellant.

Allan F. Stewart, Clayton, for respondent.

CRIST, Judge.

Order denying appellant Eugene R. Rowland's (Rowland) motion to quash execution and garnishment affirmed because appellant's motion lacks evidentiary support.

No transcript was filed. Rowland filed a legal file only. Not satisfied with Rowland's legal file, respondent (Stewart) filed a supplemental legal file.

On December 13, 1972, a juvenile neglect petition was filed. Thereafter, Stewart, a lawyer, was appointed guardian ad litem of the minor child. On July 20, 1977, the juvenile court awarded Stewart a fee of $810.00 for services rendered in the juvenile case, the fee to be paid by Rowland and his wife as informing witnesses. Rowland and wife filed their notice of appeal from this order on November 9, 1977. On May 2, 1978, they withdrew their appeal from the order awarding Stewart his fee.

On July 2, 1980, Stewart caused a garnishment to be issued against the property and wages of Rowland in the hands of Rowland Surveying Co., Inc., garnishee. On July 9, 1980, Rowland filed a motion to quash the execution and garnishment. On October 23, 1981, the motion to quash was denied. On November 25, 1981, Rowland

appealed from the denial of the motion to quash.

■ A motion to quash garnishment for alleged invalidity of a judgment is a collateral attack on the judgment and will lie only when the record affirmatively discloses that the judgment is void. Such a finding will not be lightly made. *Cloyd v. Cloyd*, 564 S.W.2d 337, 342 (Mo.App.1978).

The legal file record as to the October 23, 1981 hearing on the motion to quash contains only the entry, "Motion to Quash Garnishment heard and submitted." On November 16, 1981, the trial court denied Rowland's motion to quash.

■ A motion to quash does not prove itself. There was no transcript of proceedings pertaining to the October 23, 1981 hearing. There is no showing of evidence in support of the motion to quash. Nothing was offered into evidence; no exhibits, no affidavits, nothing. Nothing was preserved for review. *Bryant v. Bryant*, 590 S.W.2d 352, 353 (Mo.App.1979).

■ The underlying judgment was not void on its face. Section 211.281, RSMo. 1978 authorizes a juvenile court to assess costs against the informing witness. *See, L. R. R. v. Christian Family Services, Inc.*, 620 S.W.2d 14 (Mo.App.1981). The judgment possessed, in effect, all the incidents of a judgment in favor of the guardian ad litem against Rowland and his wife. *See, In Interest of Ray*, 602 S.W.2d 955, 959 (Mo.App.1980). It was therefore enforcible by garnishment.

■ Rowland also asserts the trial court lacked authority to reinstate the garnishment proceedings once it dismissed the same for lack of prosecution. Rowland claims that this was done without notice to him. The legal file shows that on July 27, 1981 the "Motion to Quash and Garnishment [is] dismissed for failure to prosecute at plaintiff's cost. Garnishee discharged." On August 24, 1981, the legal file shows "On Application of Petitioner, Allan F. Stewart, defendant's Motion to Quash and Garnishment are hereby reinstated and set to be heard October 23, 1981 at 9:30."

When no rights are taken from the party in whose favor a judgment stands, the court may vacate its judgment without notice or hearing. *Arrington v. Loehr*, 619 S.W.2d 888, 890 (Mo.App.1981). Apparently, the court conducted no hearing before entering the judgment dismissing the garnishment for failure to prosecute. Therefore, the dismissal was without prejudice. *Matter of Buford*, 577 S.W.2d 809, 831 (Mo.banc 1979). Reinstating the garnishment did not deprive Rowland of any rights. No notice or hearing was required.

Judgment affirmed.

GUNN, P. J., and SIMON, J., concur.