ITT INDUSTRIAL CREDIT COMPANY, a corporation, Plaintiff,

v.

LAWCO ENERGY, INC., a corporation Harry F. Thompson, Jr., Reba A. Fitzgerald, and Rex Whaley, Defendants,

E. Dennis White, Jr., and A. Michael Perry, Suggestees.

Misc. Civ. A. No. 78–4–H.

United States District Court,
S. D. West Virginia,
Huntington Division.

June 4, 1980.

---

A. Michael Perry, and Andrew S. Zettle, Huntington, W. Va., for plaintiff and suggestee Michael Perry.

E. Dennis White, Jr., Huntington, W. Va., for defendants Reba A. Fitzgerald and Rex Whaley and suggestee E. Dennis White, Jr.

Harry F. Thompson, Jr., Huntington, W. Va., for defendants Lawco Energy, Inc. and Harry F. Thompson, Jr.

## MEMORANDUM OPINION

STAKER, District Judge.

This is a collection matter. Plaintiffs, after having obtained a judgment in this case in the United States District Court for the Southern District of Ohio (Ohio District Court), caused their Ohio judgment to be registered with the Clerk of the United States District Court of the Southern District of West Virginia, Huntington Division (this Court), pursuant to 28 U.S.C. § 1963. Thereafter began an intricate series of maneuvers, by execution and suggestion proceedings in this Court, the purpose of which was to collect (or resist collection of) the judgment, or in the alternative, to force (or resist) the posting of supersedeas bond during the pendency of various post-judgment proceedings, in the Ohio District Court, themselves designed to vacate the judgment. The factual background is illustrative.

*FACTS*:

The pertinent facts, set forth hereunder in approximately chronological order, are as follows:

(A) On February 23, 1978, judgment by default was entered in favor of plaintiffs and against all of the defendants in Civil Action No. C–1–77–27 in the Ohio District Court.

(B) On March 20, 1978, defendants moved in the Ohio District Court, under Fed. Rules Civ. Proc., Rule 60(b), 28 U.S.C., to set aside that judgment. The 60(b) motion was denied by that Court on May 2, 1978.

(C) On March 23, 1978, the time for appeal of the Ohio judgment expired.

(D) On May 30, 1978, the Ohio District Court's denial of the Rule 60(b) motion was itself appealed to the Sixth United States Circuit Court of Appeals. That appeal was dismissed for failure to prosecute on October 11, 1978.

(E) On November 13, 1978, plaintiffs obtained from the Clerk of the Ohio District Court a certification of the Ohio judgment and registered that judgment in the office of the Clerk of this Court on November 15, 1978. This clerk issued execution on that judgment on November 16, 1978, and subsequently issued three others, all returned unsatisfied.

(F) On December 13, 1978, defendants Fitzgerald and Whaley filed in the Ohio District Court a second Rule 60(b) motion with respect to the Ohio judgment.

(G) On December 12, 1978, suggestion was filed in this Court in this Civil Action 78–4–H for the collection of the judgment, and on December 29, 1978, Judge Haden of this Court issued a stay for a period of thirty (30) days from this date, and directed the Marshal not to proceed pursuant to his lawful authority with respect to certain shares of stock indisputably owned by defendants Fitzgerald and Whaley. Subsequently, by consent of those defendants, those shares were placed in a bank safe deposit box, access to which was limited to the joint (and not several) approval of A. Michael Perry, Attorney for the Plaintiff, and E. Dennis White, Jr., Attorney for the Defendants Fitzgerald and Whaley.

(H) In a separate civil action (No. 78–3371–H) in this Court, Defendants Fitzgerald and Whaley petitioned this Court for an order granting a stay of execution on the judgment, and on December 14, 1978, Judge Haden of this Court denied such stay and adjudged the Ohio Judgment to have been duly registered in the office of the Clerk of this Court pursuant to 28 U.S.C. § 1963. That adjudication became final and was not appealed.

(I) On December 15, 1978, defendants obtained in the Ohio District Court, incident to the second Rule 60(b) motion proceeding, a stay of enforcement of the judgment upon the condition that supersedeas bond be posted. Apparently, no such bond was ever posted or filed in the Ohio District Court.

(J) On February 1, 1980, plaintiffs moved this Court for an order directing delivery of the aforementioned stock to the U.S. Marshal.

(K) On February 15, 1980, the second Rule 60(b) motion was formally denied by the Ohio District Court. Appeal of such denial was taken again to the Sixth Circuit United States Court of Appeals on February 29, 1980. That appeal is still pending, but, as stated above defendants have never posted bond as a condition for the stay of execution pursuant to the Ohio District Court's stay order.

(L) On May 2, 1980, defendants were directed by order of this Court to post adequate security for the stay of the execution upon the judgment by May 15, 1980, or be subject to an order directing execution against all property found within this judicial district.

(M) On May 14, 1980, defendant filed with this Court a motion to quash the registration of judgment which was filed with the Clerk of this Court on November 15, 1978.

(N) On May 15, 1980, the Court held a hearing on the motions set out in (J) and (M) above. During the hearing, defendants Fitzgerald and Whaley moved to stay the rulings of the Court with respect to those motions. Also, the attorney for defendant Whaley moved to withdraw as counsel of record.

(O) Between November 10, 1978 and May 15, 1980, the date of the May 15, 1980 hearing in this matter, plaintiffs requested and were issued four executions by the Clerk of this Court directing the United States Marshal to levy against assets belonging to the defendants and located within the Southern District of West Virginia. All were returned unsatisfied. During the same period, plaintiffs filed two suggestions and one amended suggestion in the course of their efforts to satisfy their judgment.

The opinion below deals with the motions described in (N) above.

## I

## MOTION TO QUASH REGISTRATION

■ The provisions of 28 U.S.C. § 1963 permit registration of money or property judgments in districts other than the one in which the judgment was initially rendered. Registration is conditioned upon the entry of a judgment "in an action for the recovery of money or property . . . which has become final by appeal or [by] expiration of the time for appeal," and certification of the judgment by the rendering district court and filing thereof with the clerk of the court in the new district. Defendants Fitzgerald and Whaley contend that the Ohio Judgment has not yet become "final by appeal."

Enforcement of judgments rendered in foreign state courts usually depends upon a separate judgment (from the enforcing state) in an action to enforce the foreign judgment. *Riley v. New York Trust Company*, 315 U.S. 343, 62 S.Ct. 608, 86 L.Ed. 885 (1942), reh. den. 315 U.S. 829, 62 S.Ct. 903, 86 L.Ed. 1223 (1942). The rule was the same for federal judgments obtained in foreign federal districts. *Hilton v. Guyot*, 159 U.S. 113, 16 S.Ct. 139, 40 L.Ed. 95 (1895). The cause pled, in an action to enforce judgments, is merely that a valid judgment was rendered in another jurisdiction. In effect, enforcement thereof depended on, so to speak, a judgment upon a judgment.

The reason for such a rule is that the defendant was believed to have the right to contest the validity of the judgment according to the laws of the enforcing state. See *James v. Allen*, 1 U.S. (Dall.) 188, 1 L.Ed. 93 (1786). "The facts litigated [in the original action], however, [are] conclusively established by the foreign judgment." *Cook v. Brown*, 346 Mo. 281, 140 S.W.2d 42 (1940).

This rule—judgment upon a judgment—though still the majority rule [see Annot. 72 A.L.R.2nd 1251 (1960), and 64–72 Later Case Service 851 (1978)], is inadequate, given the high mobility today of both persons and their property. Nat'l. Conf. of Comm. on Unif. State Laws, pref. note, 1948. In response to this inadequacy, there developed means of enforcing foreign judgments without the necessity of resorting to an expensive and time-consuming second lawsuit. The federal statute, 28 U.S.C. § 1963, is but one example.

It is crucial to understand § 1963 as intending only the purpose and effect of obviating the institution of a new action on a judgment rendered in one district as a requisite to the enforcement of the judgment in the enforcing district, as is usually required with respect to enforcing in one state a judgment rendered in another. See *Coleman v. Patterson*, 57 F.R.D. 146 (S.D.N.Y.1972). The statute applies only when the judgment is "final by appeal or [by] the expiration of time for appeal." No judgment not yet final is permitted to be registered. Defendants argue that the pending appeal of the second Rule 60(b) determination is an "appeal" within the intended meaning of that word as used in § 1963. The Court does not agree.

Firstly, when the registration was filed on November 15, 1978, the time for appeal of the Ohio Judgment had expired, and no motions nor any appeals potentially affecting the judgment were pending. Thus, at the time of its registration, the judgment was "final by appeal" and registration thereof was then timely and otherwise proper.

Secondly, the flush language of Rule 60(b) [to wit: "a motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation."] leads the Court to believe that if a Rule 60(b) motion does not affect the finality of the judgment, then it will certainly not affect the "final[ity] by appeal" of that same judgment. In fact and in purpose, Rule 60(b) should not be viewed as an appeal upon the merits. Its purpose is not to review the legal merits of the action. Rather, its sole function is to provide a mechanism for relief to a losing party if that party can prove the existence of certain *collateral* grounds for relief. These grounds (e. g., mistake, fraud, new evidence, etc.) may perhaps be viewed as direct attacks upon the judgment, but are quite obviously collateral to the merits of the case.

Rule 60(b) motions do not endow the district judge with power to re-examine, and perhaps alter, the rules of law under which the case was first decided. The rule is simply "not designed to supersede normal and ordinary channels of [appellate] relief[,]" [*Loucke v. United States*, 21 F.R.D. 305 (S.D.N.Y.1957)], with respect to the merits of the legal issues. Accordingly, this Court will not permit a Rule 60(b) motion to have such an effect.

Thirdly, this Court is of the opinion that any other view would lead to some rather absurd results. Imagine a judgment debtor resourceful enough to file a continuing series of Rule 60(b) motions, and file appeals of the denial of them in turn, perhaps for so long a time as the assets against which enforcement is sought are removed or depleted, or until the judgment creditor tires of the effort and expense of collection attempts. Registration and collection efforts might, in this hypothetical instance, be postponed indefinitely by what would clearly amount to abuse of Rule 60(b) and appellate procedures.

Examine too, the interplay of Fed.Rules Civ.Proc., Rule 62(d), 28 U.S.C. and Fed. Rules App.Proc., Rule 8(b), 28 U.S.C., with the registration statute, 28 U.S.C. § 1963. The former two would permit a judgment creditor to levy against assets of his judgment debtor, unless supersedeas bond were posted, while the latter would prevent the same, bond or no bond. See *Abegglen v. Burnham*, 94 F.Supp. 484 (D.C.Utah 1950). There is no sense to be found in such an incongruity, and in light of the policy in the federal courts against unsecured stays of execution [*Marcelletti & Son Construction Co. v. Millcreek Sewer Authority*, 313 F.Supp. 920 (W.D.Pa.1970).], no justice either.

For these reasons, the registration of the Ohio judgment, valid when filed, is not to be rendered invalid by the second Rule 60(b) motion nor an appeal of a ruling thereon. Furthermore, and again for the reasons above, this court holds that a Rule 60(b) motion is not an appeal for § 1963 purposes.

## II

## MOTION DIRECTING DELIVERY OF ASSETS

■ In light of the discussion above, this motion is granted. The Court was presented with unrebutted evidence of a two-plus year struggle on the part of the judgment creditor, plaintiff herein, dating from November 16, 1978, the time of the filing of the first execution, to collect its judgment. This is an inordinately long period to deny his right to do so, even considering all the above proceedings. The delay serves no worthy purpose. Accordingly, plaintiff's motion to compel delivery of the shares of stock to the Marshal, as receiver, is granted.

## III

## MOTION FOR STAY OF EXECUTION

Pursuant to Rule 62(d), a stay shall be granted if, and only if, defendants post supersedeas bond and file same with the Clerk of this Court. Therefore, this motion is granted upon the condition that defendants post and file such a bond, in accordance with the terms of an Order previously signed and entered by this Court on May 15, 1980.

## IV

## MOTION TO WITHDRAW AS COUNSEL

■ Defendant Whaley's attorney moved to withdraw as his (Whaley's) counsel of record, rather precipitously—in fact, immediately after the conditional grant of his motion for a stay of execution. While the Court cannot speculate as to his motives for doing so, it should be noted that an attorney is not permitted to withdraw from an action without leave of this Court. Loc.Ct. Rules, United States District Court for the Southern District of West Virginia, Rule 1.05(e).

An attorney of record in any action in this division of the Southern District shall not be permitted to do so at least until he provides his client with sufficient notice of

his intention to do so [See *Boyle v. Beltz-hoover*, 119 W.Va. 626, 196 S.E. 503 (1938)], and the Court with means by which it may maintain communications with the client if the attorney is permitted to withdraw. Effective Court administration requires such a policy. No such notice having been had, nor such means provided, this motion is denied without prejudice.

IT IS SO ORDERED.