**TRAVELERS INDEMNITY COMPANY OF ILLINOIS, Plaintiff/Judgment Creditor,**

v.

**HASH MANAGEMENT, INC., Defendant/Judgment Debtor.**

No. 2:97MC19.

United States District Court, M.D. North Carolina, Greensboro Division.

May 29, 1997.

Richard T. Rice, Jonathan B. Mason, John F. Morrow, Jr., Robert A. Hartsoe, Womble Carlyle Sandridge & Rice, Winston–Salem, NC, for Plaintiff.

**152**

### ORDER

ELIASON, United States Magistrate Judge.

Plaintiff obtained a money judgment for $292,802.80 plus interest in the Federal Court for the Western District of North Carolina. It then registered the judgment in this Court pursuant to 28 U.S.C. § 1963. After having an execution returned unsatisfied, the plaintiff/judgment creditor filed a motion for the Court to order the defendant/judgment debtor to produce papers and to submit to an examination concerning the extent and whereabouts of its assets. Plaintiff requests that this Court order Cecil R. Hash, defendant/judgment debtor's registered agent and sole stockholder, to appear for examination before the Court and to bring relevant documents. Finally, because the defendant is allegedly taking steps to liquidate its property for the purpose of avoiding the judgment, the plaintiff requests an immediate hearing.

On its face, the motion reveals a potential problem. It fails to set forth any basis for this Court to exercise jurisdiction over Cecil R. Hash, who is not the judgment debtor. Federal courts are ones of limited jurisdiction and are required to *sua sponte* examine their own jurisdiction. *FW/PBS, Inc. v. City of Dallas,* 493 U.S. 215, 231, 110 S.Ct. 596, 607–08, 107 L.Ed.2d 603 (1990). It is not clear whether the plaintiff/judgment creditor is attempting to invoke a supplementary proceeding involving a party or one utilizing the Court's ancillary jurisdiction over third parties or non-parties to the judgment lawsuit.

■ As a starting point, by virtue of 28 U.S.C. § 1963, this Court has jurisdiction to enforce money or property judgments entered by other federal district courts or the Court of International Trade. Prior to the enactment of Section 1963, a party had to bring an independent action in order to enforce a judgment in a jurisdiction other than that which issued the original judgment. *ITT Indus. Credit Co. v. Lawco Energy, Inc.,* 86 F.R.D. 708, 711 (S.D.W.Va.1980). This was often expensive and time consuming.

*Id.* While Section 1963 provides a streamlined alternative, judgment creditors are free to employ the traditional remedy of instituting an entirely new and separate action. *Hunt v. Liberty Lobby, Inc.,* 707 F.2d 1493, 1498 (D.C.Cir.1983); *In re Professional Air Traffic Controllers Organization (PATCO),* 699 F.2d 539, 544 (D.C.Cir.1983). For its part, Section 1963 merely requires a party to file a certified copy of the judgment. Notice to parties and judicial involvement is not necessary. In the instant case, plaintiff has made such a filing, and because the registration of the judgment appears in order, it has the status of a judgment entered by this Court.[1] *United States v. Kellum,* 523 F.2d 1284, 1289 (5th Cir.1975); *Stanford v. Utley,* 341 F.2d 265, 268–270 (8th Cir.1965). But, registration of a judgment in no way extinguishes the power and authority of the original judgment court to enforce its own judgment. *Clark v. Wilbur,* 913 F.Supp. 463, 466 (S.D.W.Va.1996).

■ Federal courts possess inherent authority derived from the Constitution to enforce their judgments. This authority naturally arises as a means of ensuring that the judicial power conferred on the judiciary by Article III of the Constitution is not rendered inadequate or incomplete by disregard of its orders. *Peacock v. Thomas,* —— U.S. ——, ——, 116 S.Ct. 862, 868, 133 L.Ed.2d 817 (1996); *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.,* 2 F.3d 1397, 1406–1407 (5th Cir.1993), *cert. denied,* 510 U.S. 1073, 114 S.Ct. 882, 127 L.Ed.2d 77 (1994). However, because this inherent power originates out of necessity, it must be sparingly used and only in exigent circumstances. *Natural Gas,* 2 F.3d at 1407.

■ Supplementary proceedings in aid of judgment enforcement include garnishment, arrest, mandamus, contempt, appointment of a receiver, and discovery proceedings. 12 Charles Alan Wright & Alan R. Miller, *Federal Practice and Procedure* § 3012 (1973); *Fox v. Capital Co.,* 299 U.S. 105, 57 S.Ct. 57, 81 L.Ed. 67 (1936) (examina-

---

1. Such status is reflected, for example, by the fact that the registered judgment court will apply the limitation period for enforcing the judgment of the district where it sits, not where the judgment originated. *United States v. Kellum,* 523 F.2d 1284, 1289 (5th Cir.1975).

tion of debtor); *Natural Gas,* 2 F.3d at 1408 (listing discovery devices) Third parties may be made part of the supplementary proceedings under a court's ancillary jurisdiction for the purpose of enforcing or protecting a federal judgment. *Peacock v. Thomas,* — U.S. at ——, 116 S.Ct. at 868 (listing actions, including pre-judgment attachment and avoidance of fraudulent transfers). However, if the proceedings are entirely new and original or seek relief different in kind, on a different principle, or to impose liability on persons not already bound by the previous action and judgment, the moving party must be able to assert an independent basis for federal jurisdiction over the controversy with the third party. *Peacock v. Thomas,* — U.S. at —— — ——, 116 S.Ct. at 868–869; [2] *Sandlin v. Corporate Interiors, Inc.,* 972 F.2d 1212, 1216 (10th Cir.1992). Even with respect to supplementary proceedings restricted to discovery, a federal court may not rely on its inherent power when it does not have statutory or rule authority to issue a subpoena to a third party in another district. *Natural Gas,* 2 F.3d at 1406.

■ In addition to the Court's inherent power to protect and enforce its judgments, Fed.R.Civ.P. 69 provides procedures for enforcing federal money or property judgments. Rule 69(a) states that unless a court orders otherwise, enforcement of a judgment shall be by writ of execution.[3] The rule further directs that the procedure for execution or other enforcement of the judgment, including supplementary proceedings, shall be by local state law practice and procedure, unless an applicable statute of the United States would dictate otherwise. The Federal Rules of Civil Procedure have the force of statute and, therefore, take precedence over conflicting state law. *Schneider v. National R.R. Passenger Corp.,* 72 F.3d 17, 19 (2d Cir.1995) (citing 12 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure §* 3012 (1973)).

■ So long as they comply with due process, specific state statutes concerning judgment enforcement procedures may be used to supplement the general provisions of federal law.[4] *Hilao v. Estate of Marcos,* 95 F.3d 848 (9th Cir.1996). At times, the federal court will have to employ a hybrid proce-

2. In Peacock, the Supreme Court held that a district court did not possess ancillary jurisdiction to enforce a federal judgment by piercing the corporate veil in order to hold a corporate officer liable for a prior judgment against the corporation. On the other hand, ancillary jurisdiction may be exercised over the manager and owner of a defunct corporation when, under state law, such an individual has received assets and, therefore, stands in the shoes of the corporation as the real party in interest. *Matos v. Richard A. Nellis, Inc.,* 101 F.3d 1193, 1195–1196 (7th Cir.1996); *see also Sandlin v. Corporate Interiors, Inc.,* 972 F.2d 1212, 1218 (10th Cir.1992) (pursuing third party on basis of successor liability as a result of post-judgment transfers distinguished from alter ego claim of liability). Likewise, ancillary jurisdiction may be exercised over transferees of fraudulently conveyed property because the supplementary proceeding merely forces disgorgement of property and not the establishment of new liability. *Thomas, Head and Greisen Employees Trust v. Buster,* 95 F.3d 1449, 1454 (9th Cir.1996), *cert. denied,* — U.S. ——, 117 S.Ct. 1247, 137 L.Ed.2d 328 (1997).

3. Rule 69 of the Federal Rules of Civil Procedure reads in part as follows:

 **Rule 69. Execution**
 (a) **In General.** Process to enforce a judgment for the payment of money shall be a writ of execution, unless the court directs otherwise.

The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable. In aid of the judgment or execution, the judgment creditor or a successor in interest when that interest appears of record, may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.

4. For example, the provisions of Fed.R.Civ.P. 4.1(a) which state that "process other than a summons ... or subpoena ... shall be served by a United States marshal" takes precedence over state services rules authorizing a sheriff to serve process. However, a state statute which directs the place and person on whom service shall be made should be followed when it is a substantial supplement to the general service provisions of Rule 4.1(a) which merely provides that service of process may be anywhere within the state where the federal court is located. *Compare City of Detroit v. City of Highland Park,* 878 F.Supp. 87 (E.D.Mich.1995), *with Hilao v. Estate of Marcos,* 95 F.3d 848 (9th Cir.1996).

dure when attempting to follow state law because the state procedure was designed for state courts, not federal. Only substantial compliance with state law is required in such circumstances. *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1227–1228 (7th Cir. 1993); *City of Detroit v. City of Highland Park*, 878 F.Supp. 87, 89 (E.D.Mich.1995) (listing cases).

 Employing the above principles in the instant case, the Court finds that it does have authority to enforce the discovery request of the plaintiff based on the registered judgment. However, normally, discovery requests relating to parties should be made in the original-judgment court pursuant to the Federal Rules of Civil Procedure. The original-judgment court should be utilized because there will not likely be a question whether such court has *in personam* jurisdiction over the judgment debtor to be examined and whether the judgment debtor will be properly served.[5]

 When a judgment creditor pursues discovery in a registered-judgment court, it will be required to personally serve process on the judgment debtor. Without any prior appearance of the judgment debtor before it, the court likely has no identifying information nor any basis for service of its discovery order. And, even when the order is served, the judgment debtor may well contest the court's *in personam* jurisdiction. Except in a default judgment situation, these problems will not arise when discovery is sought through the original-judgment court. The plaintiff/judgment creditor fails to explain

why it chose to conduct discovery on a party in this Court as opposed to the original-judgment court.

 The Court also questions the plaintiff/judgment creditor's attempt to use state discovery procedures in lieu of the Federal Rules of Civil Procedure which provide for extensive discovery. Rules 30 and 31 permit oral and written depositions; Rule 33 permits written interrogatories to parties; Rule 34 permits the production of documents; Rule 36 allows a party to make requests for admission; and Rule 45 covers obtaining discovery from non-parties. The federal rules, which are more than adequate for the task, are customarily used for supplementary proceeding discovery. 12 Wright & Miller, *supra* § 3014. And, as mentioned previously, unless the Court finds the state procedure to be supplementary and not conflicting, the Court will require the judgment creditor to resort to the federal rules for discovery.

Plaintiff seeks discovery based on North Carolina General Statute Section 1–352 which permits a court to order a judgment debtor to appear before it and give answers concerning his or her property, including the production of papers relevant to the investigation of the debtor's assets.[6] The motion for examination must be made within three years of an execution against the judgment debtor's property which remains wholly or partially unsatisfied. In only one aspect may N.C.G.S. § 1–352 be said to be arguably supplemental to discovery under the Federal Rules of Civil Procedure.[7]

---

**5.** In this case, Mr. Hash evidently has a residence in Winston–Salem, which is in this district. However, that does not mean that the defendant corporation necessarily can be served and made to appear in this district. And, the plaintiff/judgment creditor has not established independent grounds for serving a non-party such as Mr. Hash as an individual.

**6.** § 1–352. Execution unsatisfied, debtor ordered to answer.

When an execution against property of a judgment debtor, or any one of several debtors in the same judgment, issued to the sheriff of the county where he resides or has a place of business, or if he does not reside in the State, to the sheriff of the county where a judgment roll or a transcript of a judgment is filed, is returned wholly or

partially unsatisfied, the judgment creditor at any time after the return, and within three years from the time of issuing the execution, is entitled to an order from the court to which the execution is returned or from the judge thereof, requiring such debtor to appear and answer concerning his property before such court or judge, at a time and place specified in the order, within the county to which the execution was issued.

**7.** several matters of the statute cannot be duplicated by the federal court. The place of examination will be where the federal court sits inasmuch as federal courts normally do not sit in every county within their district. Under state procedure, the state clerk of court may conduct the examination. *See Cornelius v. Albertson*, 244 N.C. 265, 93 S.E.2d 147 (1956); *Motor Finance*

Under the state statute, discovery takes place before the state clerk of court or judge whereas federal discovery normally does not occur before a judicial officer. Rather, Fed. R.Civ.P. 28(a) provides that the examination may take place before a court reporter. The Court finds the requirement of state law that the examination take place before a court official to be an unsubstantial surplusage not necessary to be replicated in the federal proceeding. The examination is simply the equivalent of a deposition and, therefore, the Federal Rules of Civil Procedure will govern the conduct of the examination.

■ Nevertheless, even in federal discovery, judicial involvement at times becomes necessary. In supplementary proceedings it is possible that the judgment debtor has, on prior occasions, demonstrated an uncooperative attitude and/or the judgment creditor has evidence that the judgment debtor is dissipating assets. If exigent circumstances exist, the judgment creditor may request that the examination take place under the direct supervision of the court with a judge partially or fully presiding over the deposition. The judgment creditor will have to make a specific factual showing of need for more direct judicial involvement and the decision to grant it will necessarily have to be made on a case-by-case basis.

■ In the instant case, plaintiff has only made a conclusory contention that the judgment debtor is liquidating assets in an attempt to avoid the execution. This is not a sufficient showing of need. Nevertheless, because the plaintiff/judgment creditor has not had prior notice of this opinion, the Court will agree to supervise the proceeding by permitting it to be held in the Federal Courthouse where a judicial officer will be avail-

able. Because the discovery will be conducted pursuant to the federal rules, plaintiff is responsible for preparing and personally serving the deposition and the request for document notices. Fed.R.Civ.P. 30 and 34.[8]

■ The final issue for resolution is the propriety of plaintiff's request that the Court require Cecil R. Hash, registered agent and sole stockholder of defendant, to produce records and appear at the examination. Mr. Hash is not the judgment debtor and does not even appear to have been a party to the prior proceeding. Plaintiff does not seek to invoke this Court's ancillary jurisdiction over Mr. Hash, such as by reclaiming fraudulently transferred assets. Nor does plaintiff cite any authority under state law which would permit such proceedings against a non-party as a supplement to the Federal Rules of Civil Procedure.

■ There is no need to examine the Court's inherent power over either parties or non-parties because the Federal Rules of Civil Procedure explicitly cover the instant situation. The federal rules permit a party to take the deposition of a corporation by two methods. Rule 30(b)(6) allows a party to give notice of the deposition and the topics to be covered and then the corporation must designate the deponent. However, a party may also name a specific individual of the corporation in accordance with Rule 30(b)(1). It appears that plaintiff has elected to take the deposition of the defendant/judgment debtor with this latter method. However, the plaintiff names Cecil R. Hash as the registered agent and sole stockholder of the corporation, whereas Rule 30(b)(1) contemplates the deposition of an officer, director or managing agent of the corporation. *See* 8A Charles Alan Wright, Arthur R. Miller &

---

Co. v. Putnam, 229 N.C. 555, 50 S.E.2d 670 (1948). There being no similar devolution of authority to the federal court, a district or magistrate judge will have to conduct the examination. Finally, the state statute contemplates that the court will enter and serve an *ex parte* order. That is not possible in a registered judgment court where the judgment debtor has never appeared and entered an appearance and, thus, in federal court the judgment creditor will be responsible for service. All of these accommodations would constitute substantial compliance with state law.

8. The judgment creditor will benefit from this requirement because its motion does not actually make a request for documents. Rather, the list is only set out in the proposed order which accompanied the motion and that is not a proper request. By utilizing the Federal Rules of Civil Procedure, the plaintiff/judgment creditor does not have to obtain the Court's permission before serving a request for documents.

Richard L. Marcus, *Federal Practice and Procedure* § 2103, at 32 (2d ed.1994). Therefore, plaintiff's motion is facially defective.

Nevertheless, the Court finds from information in the record in the form of a letter to the Clerk and from the execution papers that Mr. Hash is also alleged to be the President of the judgment debtor corporation. Therefore, the Court finds sufficient allegations from the plaintiff/judgment creditor that Mr. Hash is a proper officer of the corporation to be specifically named for deposition pursuant to Rule 30(b)(1). Consequently, the plaintiff's motion shall be granted and plaintiff shall serve the defendant/judgment debtor corporation and Mr. Hash with notice of the deposition and the Rule 34 request for documents (Rule 30(b)(5)).

■ **IT IS THEREFORE ORDERED** that the plaintiff/judgment creditor Travelers Indemnity Company of Illinois' motion for a debtor's examination pursuant to Fed. R.Civ.P. 69 and N.C.G.S. § 1–352 of defendant Hash Management, Inc. by designation of Cecil R. Hash, President, is granted pursuant to Fed.R.Civ.P. 30(b)(1) and 69 and further, that the Court will supervise the deposition of the judgment/debtor Hash Management, Inc. by and through its President, Cecil R. Hash. Said examination shall take place on Thursday, June 19, 1997, at 9:30 a.m., in the United States Courthouse, 251 North Main Street, Winston–Salem, North Carolina, in a second-floor conference room. The plaintiff/judgment creditor shall supply a court reporter, but may request reimbursement of costs of collection after the deposition.[9]

**IT IS FURTHER ORDERED** that the plaintiff/judgment creditor shall prepare a Notice of Deposition in accordance with this Order pursuant to Fed.R.Civ.P. 30(b)(1) and a Request for Production of Documents pursuant to Fed.R.Civ.P. 30(b)(5) and 34 and forthwith cause this Order and said Notices

to be personally served on the judgment/debtor Hash Management, Inc. and Cecil R. Hash. All documents produced shall be exchanged and reviewed thirty minutes prior to the time of the examination.

9. Expenses of judgment collection may be assessed against the judgment debtor. *Vukadinovich v. McCarthy,* 59 F.3d 58 (7th Cir.1995) (Title VII attorneys' fees of defendants); *Atlantic Purchasers, Inc. v. Aircraft Sales, Inc.,* 101 F.R.D. 779 (W.D.N.C.1984) (document copying costs).

In assessing costs, the Court will evaluate whether the deposition and request for documents were reasonable and whether less costly discovery devices should have been first utilized. Thus, both the judgment creditor and the judgment debtor have an incentive to cooperate in order to keep the collection costs low.